IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-82-M-KS

| | | |
|---|---|---|
| DR. ALEXANDER N. ASANOV, on behalf of The People of the USA, on behalf of his children, Daniel Asanov, Nicholas A. Asanov, minor child AVK, on behalf of thousands of similarly situated children and parents – victims of the Kids-For-Cash-NC crimes, on behalf of future generations of American children and parents, and individually – on behalf of himself, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | MEMORANDUM & |
| v. | ) ) | RECOMMENDATION |
| UNITED STATES OF AMERICA/ FEDERAL BUREAU OF INVESTIGATION, BELINDA K. SUKEENA, TANYA A. PLEKAN, JULIE L. BELL, RHONDA G. YOUNG, OLGA S. ASANOV, OLENA M. KRAVETS, ROBERT P. TAYLOR, MICHAEL J. HOKENBERG, and JOE DOE – unidentified yet Defendants colluded into the organized criminal group of, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This pro se civil action is before the court on the following motions:

      1.    Motion to Dismiss filed by Defendants Julie L. Bell and Rhonda G. Young [DE #12];

      2.    Motion to Dismiss filed by Defendant Tanya A. Plekan [DE #16];

      3.    Motion to Dismiss filed by Defendants Michael J. Hokenberg and Robert P. Taylor [DE #27];

4. Motion to Dismiss filed by Defendants Olga S. Asanov and Olena M. Kravets [DE #37];

5. Motion to Dismiss filed by United States [DE #44];

6. Motion for Pre-Filing Injunction filed by Defendant Tanya A. Plekan [DE #18];

7. Motion for Pre-Filing Injunction filed by Defendants Olga S. Asanov and Olena M. Kravets [DE #36];

8. Motion for Sanctions filed by Defendants Olga S. Asanov and Olena M. Kravets [DE #38];

9. Motion for Default Judgment against Belinda K. Sukeena filed by Plaintiff [DE #32];

10. Motion to Appoint Interpreter and Experts filed by Plaintiff [DE #33];

11. Motion to Appoint Panel of Independent Judges, Interpreter, and Experts and Motion for Mental Health Examination filed by Plaintiff [DE #40];

12. Motion to Arrest Bank Accounts of Defendants Kravets, Plekan, Bell, Young, and Ratledge filed by Plaintiff [DE #49];

13. Motion for Leave to File Amended Complaint filed by Plaintiff [DE #54];

14. Emergency Petition to Arrest Defendants Kravets, Plekan, and Bell and John Brian Ratledge[1] filed by Plaintiff [DE #60];

15. Emergency Petition for Recusal of Judges and for Appointment of Panel of Independent Judges and Investigative Assistants filed by Plaintiff [DE #66];

16. Motion for Clarifications filed by Plaintiff [DE #70]; and

17. Motion for Default Judgment against Defendant Belinda K. Sukeena and John Brian Ratledge filed by Plaintiff [DE #72].

---

[1] Ratledge is not a defendant, though Asanov seeks to add him as a defendant in his Motion for Leave to File Amended Complaint [DE #54].

2

The motions have been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B) by the Honorable Richard E. Myers II, Chief United States District Judge. The issues presented have been briefed, and the time for further filings has expired. The motions are therefore ripe for ruling.

## BACKGROUND

This is one of many lawsuits brought by Alexander N. Asanov ("Plaintiff") against his former wives. All of the suits appear to stem from family court proceedings. In each, Plaintiff has filed lengthy, discursive filings claiming violations of his civil rights as a result of civil and criminal conspiracies, fraud upon the courts, and the like. *See, e.g.*, *Asanov v. Gholson, Hicks, Nichols, P.A.*, No. 1:07-CV-28, 2007 WL 3071417 (N.D. Miss. Oct. 18, 2007). This is the third suit brought by Plaintiff in this court, and the second action in which he makes such claims against former wives Olga S. Asanov and Olena M. Kravets, their attorneys, and three Wake County District Court Judges.

On March 7, 2024, the court dismissed Plaintiff's prior suit against Olga S. Asanov, Olena M. Kravets, and others for lack of subject-matter jurisdiction. *Asanov v. Plekan*, No. 5:23-CV-310-M-KS, 2024 WL 987570 (E.D.N.C. Mar. 7, 2024). The court found that Plaintiff's complaint "sought to employ 'a wholly frivolous federal claim [ ] as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system.'" *Id.* at *5 (quoting *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 289 (4th Cir. 2013)).

3

Plaintiff instituted this action on February 12, 2024 (Compl. [DE #1]) and thereafter amended his complaint on February 20, 2024 (Am. Compl. [DE #5]). The individual defendants move to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, and the United States moves to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Also before the court are motions for sanctions, including a prefiling injunction, against Plaintiff, as well as various motions filed by Plaintiff. For the reasons set forth below, it is recommended that Defendants' motions to dismiss be granted, the motions for a prefiling injunction be granted, and all other pending motions be dismissed as moot.

## DISCUSSION

### I.    Standard of Review

#### A.    Rule 12(b)(1) Motion

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless the contrary is shown. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). Here, the burden of establishing subject-matter jurisdiction rests with Plaintiff, as he seeks to invoke the court's jurisdiction. *See AGI Assocs., LLC v. City of Hickory*, 773 F.3d 576, 578 (4th Cir. 2014). Thus, "the complaint must state on its face the grounds for . . .

jurisdiction," regardless of whether it is a case of diversity or federal question jurisdiction. *Bowman*, 388 F.2d at 760.

Federal subject-matter jurisdiction exists only where there is a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A federal question exists where the action "aris[es] under" federal law. 28 U.S.C. § 1331. "The mere assertion of a federal claim is not sufficient to obtain jurisdiction under [28 U.S.C. § 1331]." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Rather, a party must raise a *substantial* federal claim. *See Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974).

A party seeking to invoke the subject-matter jurisdiction of the federal judiciary must establish standing to sue under Article III of the United States Constitution. U.S. Const. art. III, § 2, cl. 1; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). To establish standing, the plaintiff must show that he was personally injured. *Spokeo*, 578 U.S. at 338–39. An individual may not sue for injuries caused to another person, not even a family member. *Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005).

"When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945

5

F.2d 765, 768 (4th Cir. 1991)). If the material jurisdictional facts are not in dispute, and the moving party is entitled to judgment as a matter of law, then the court should grant the Rule 12(b)(1) motion to dismiss. *Evans*, 166 F.3d at 647.

### B. Rule 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief can be granted. The intent of the rule is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved consistent with the complaint's allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). While pro se complaints should be liberally construed, they are not exempt from the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint will survive a 12(b)(6) motion to dismiss only if it alleges facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. It need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader

is entitled to relief"). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Analysis

### A. Representative Claims

Once again, Plaintiff purports to bring suit on behalf of himself and others. As with the action dismissed by this court on March 7, 2024, Plaintiff has failed to demonstrate standing to assert claims on behalf of his children or anyone else. *See Asanov v. Plekan*, No. 5:23-CV-310-M-KS, 2024 WL 1601204, at *3 (E.D.N.C. Feb. 6, 2024) ("Plaintiff has not sought and obtained certification and appointment as class representative pursuant to Rule 23, nor has he otherwise demonstrated standing to assert claims on behalf of others."), *M. & R. adopted*, 2024 WL 987570 (E.D.N.C. Mar. 7, 2024). Accordingly, Plaintiff's representative claims should be dismissed pursuant to Rule 12(b)(1) due to Plaintiff's lack of standing.

### B. Subject-Matter Jurisdiction

Plaintiff initiated this action upon filing a twenty-nine page complaint on February 12, 2024. (Compl. [DE #1].) Thereafter, on February 20, 2024, he amended

his complaint as of right. *See* Fed. R. Civ. P. 15(a)(1)(A) (permitting a party to amend its pleading once as a matter of course within twenty-one days after its service). "[A] properly filed amended complaint supersedes the original one and . . . renders the original complaint 'of no effect.'" *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)).

Plaintiff's operative complaint names various individuals as defendants, but it raises only one cause of action – negligence against the Federal Bureau of Investigation ("FBI"). (Am. Compl. at 9.) Specifically, he alleges the FBI failed "to handle and investigate tips concerning potential and ongoing Kids-For-Cash crimes in a reasonable manner and to act against [Belinda K. Sukeena, Tanya A. Plekan, Julie L. Bell, Rhonda G. Young, Olena M. Kravets, Olga S. Asanov and others] to prevent them from committing repeated crimes." (*Id.* at 10.) The operative complaint raises no claims against Defendants Sukeena, Plekan, Bell, Young, Asanov, Kravets, Taylor, or Hokenberg. Accordingly, the individual defendants' motions to dismiss for lack of subject-matter jurisdiction should be allowed.

The operative complaint further fails to invoke the court's federal question subject-matter jurisdiction. To confer jurisdiction under 28 U.S.C. § 1331, the federal question raised must be substantial. "[C]onclusory allegations as to the court's subject matter jurisdiction fail to demonstrate the existence of a federal question as a matter of law." *Asanov v. Plekan*, 2024 WL 987570, at *4. While the bar for demonstrating substantiality of a federal question is not high, "a claim asserted under federal law

[that] is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy' should . . . be dismissed for lack of jurisdiction." *PEM Entities LLC v. County of Franklin*, 57 F.4th 178, 184 (4th Cir. 2023) (second alteration in original) (quoting *Oneida Indian Nation v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)).

Plaintiff cites RICO as a basis for federal question jurisdiction, but he includes no allegations to support a substantial federal claim for injuries sustained "by reason of a violation of [18 U.S.C. § 1962]." *See* 18 U.S.C. § 1964(c). As in *Asanov v. Plekan*, he simply makes vague and conclusory allegations of racketeering, referring to an organized criminal group of defendants who conspired "to commit RICO, Stalin-Beria, attempted-murders, and other felony crimes, which resulted in degradation of *significant* part of NC judiciary down to crime-enforcement entities." (Am. Compl. at 1.) Plaintiff's RICO allegations are virtually identical to those he made in *Asanov v. Plekan* and, as found there, "are so attenuated and unsubstantial as to be absolutely devoid of merit." *Asanov v. Plekan*, 2024 WL 987570, at *5 (quoting *Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 291 (4th Cir. 2013)). They, therefore, fail to vest the court with subject-matter jurisdiction. *Asanov v. Plekan*, 2024 WL 987570, at *4 ("Plaintiff's vague reference to RICO violations, without more, does not authorize this court's exercise of subject matter jurisdiction.").

Plaintiff also asserts federal subject-matter jurisdiction based upon his Federal Tort Claims Act ("FTCA") negligence claim against the FBI. However, the FBI is not a proper party to an FTCA suit. *See* 28 U.S.C. § 2679(a) ("The authority of any federal

agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ."); *Garcia v. United States*, 709 F. Supp. 2d 1133, 1138 (D.N.M. 2010) ("Congress has explicitly provided . . . that the only proper party in an action under the FTCA is the United States.").

Moreover, "[t]he FTCA creates a limited waiver of the United States' sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (citing 28 U.S.C. § 1346(b)(1)). Excepted from FTCA liability are claims based upon the exercise or failure to perform a discretionary function or duty. 28 U.S.C. § 2680(a). Plaintiff's claim that the FBI was negligent in investigating certain individuals fits squarely within the discretionary function exception. *See Suter*, 441 F.3d at 312 (recognizing FBI's broad discretion in conducting criminal investigations). Plaintiff's operative complaint fails to raise a substantial federal claim and should therefore be dismissed for lack of subject-matter jurisdiction.

### C.     Failure to State a Claim

Construing Plaintiff's pro se complaint liberally, as the court must, it also fails to meet even the generous pleading standards afforded pro se plaintiffs. It consists of vague ramblings that are absolutely devoid of merit, obviously frivolous, spurious, and bizarre. It is wholly devoid of any factual allegations to support an inference that

Defendants, or any of them, are liable to Plaintiff for violation of 18 U.S.C. § 1962, the FTCA, or otherwise. Plaintiff's complaint is supported only by vague and conclusory allegations of wrongdoing. As in *Asanov v. Plekan*, he alleges Defendants are part of an "organized criminal group" that includes "violent recidivists," "attempted murderers," "mentally-sick illegal immigrants," and "criminally misconducting lawyers." (Am. Compl. at 1.) He accuses them of "violent crimes," "mutilat[ing] minor children," "RICO, Stalin-Beria attempted murders," and "other felony crimes." (*Id.*) These allegations fail to provide Defendants with the notice to which they are entitled under Rule 8. *See Asanov v. Plekan*, 2024 WL 987570, at *6 (concluding that virtually identical statements "are mere labels and conclusions" and "fail to 'raise a right to relief above the speculative level' even under the most liberal interpretation of Rule 8, *Iqbal*, *Twombly*, and their progeny"). Plaintiff's complaint fails to meet the pleading standards set forth in *Twombly* and should therefore be dismissed pursuant to Rule 12(b)(6).

### D.  Sanctions

Defendants Plekan, Asanov, and Kravets move the court for sanctions, including a prefiling injunction against Asanov. (Def. Plekan's Mot. Pre-Filing Injunction [DE #18]; Defs.' Asanov & Kravets Mot. Pre-Filing Injunction [DE #36].) They argue Plaintiff's two federal actions against them are frivolous, include fabricated and injurious allegations, and are interposed for improper purposes, including harassment and obstruction of family court proceedings. (Def. Plekan's Mem. Supp. Mot. Pre-Filing Injunction [DE #19] at 3–7; Defs.' Asanov & Kravets

11

Mem. Supp. Mot. Pre-Filing Injunction [DE #36-1] at 2–4.) They assert Plaintiff is attempting to create conflicts of interest to cause recusal of the judges presiding over the domestic court proceedings, resulting in a waste of judicial resources. (*Id.*) They contend that a prefiling injunction is needed to deter future litigation abuse by Plaintiff.

The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to issue prefiling injunctions limiting access to the courts by a vexatious and abusive litigant. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Such power must be used cautiously and sparingly, however, so as not to infringe the individual's fundamental rights to due process of law and access to the courts. *Id.* The court must weigh all relevant circumstances, including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818. If warranted, a prefiling injunction must also be narrowly tailored and may issue only after the party to be enjoined has been afforded notice and an opportunity to be heard. *Id.* at 818–19.

Plaintiff's litigation history is replete with bizarre, irrational, and farcical accusations of criminal conspiracies, corruption, and mental illness directed at his ex-wives, their lawyers, and judicial officials. As noted in the court's order of dismissal in *Asanov v. Plekan*, Asanov has alleged the existence of an "organized criminal group of offenders, who committed their crimes Kids-For-Cash-NC under the color of justice

12

to criminally enrich themselves, to mutilate for life minor children, and reward their co-conspirators for their attempted-murders and other felony crimes." *Asanov v. Plekan*, 2024 WL 987570, at *1.

In *Asanov v. Plekan*, Plaintiff sought mental health evaluations of his ex-wives, their lawyers, and judicial officials on the ground they suffer from serious "mental illnesses of different origin and different cruelty" and that mental illness is "the main driving force of [their alleged] felony crimes of attempted murder, extremely cruel physical and psychological aggression." Mot. Mental Health Exam., *Asanov v. Plekan*, No. 5:23-CV-310-M-KS, ECF No. 37, at 1, 3 (E.D.N.C. Aug. 25, 2023). Asanov claims "mental mutilation and sexual corruption" of his children by his ex-wives, and he alleges that their lawyers "sadistically 'enjoy[ ]' mutilating children of other parents." *Id.* at 1–4. He describes each of the lawyers as "so much inhuman, has a rotten clot where other humans have their hearts that she is below any level of human decency." *Id.* at 3–4. He claims that one ex-wife colluded with "members of the organized group of Defendants to buy [his] children at about $15,000.00 each." Compl., *Asanov v. Plekan*, No. 5:23-CV-310-M-KS, ECF No. 1, at 17 (E.D.N.C. June 13, 2013).

Plaintiff has made similarly fanciful and unfounded claims in the instant suit. He describes the defendants as "violent recidivists," "attempted murderers," "mentally-sick illegal immigrants," and "criminally misconducting lawyers." (Am. Compl. at 1.) He alleges they are part of an organized criminal group that mutilates minor children by selling them for approximately $15,000 each and "commit[s] RICO,

Stalin-Beria attempted-murders[ ] and other felony crimes." (*Id.*) He claims his ex-wives, their lawyers, and the defendant judges "suffer from serious mental health problems" (Pl.'s Mem. Supp. Mots. [DE #41] at 4) and seeks to compel Defendants to submit to "mental health evaluation[s] and mandatory medical treatment" (Pl.'s Mot. Appoint Panel of Indep. Judges, Interpreter, & Experts & Mot. Mental Health Eval. [DE #40] at 2.) He claims his ex-wives are dangerous and one is in need of "serious psychiatric treatment in isolation from society." (Pl.'s Mem. Supp. Mots. at 4.) In his most recent filing, Plaintiff describes this lawsuit as "stem[ming] from a 6-year-long series of extremely vicious systematic crimes, including attempted-murders, RICO, Kids-For-Cash-NC, victim-witness intimidation, and cynical anti-American-traitor white-collar crimes that turned large part of this country into a banana republic." (Proposal Pre-trial Settlement [DE #77] at 1.) He repeats these vitriolic claims throughout his many filings, including his response to the motions for sanctions. (*See* Objs. & Protests against Fraudulent Mots. Dismiss, against Disgraceful "Gatekeeper" & Victim-Intimidation Sanctions [DE #42] (describing Defendants as, among other things, "recidivists-murderers," "coyote-lawyers," "mentally-sick corrupt judges," "dangerous individual [who] represents severe threat to society," "physically dangerous, violent aggressor").)

In all, Plaintiff has been a party to at least nine federal civil suits and numerous state civil actions. *See, e.g.*, *Asanov v. Davidson*, No. 1:06-CV-611 (M.D.

14

Pa. filed Mar. 23, 2006);[2] *Asanov v. Hunt*, No. 1:05-CV-470-CCC (M.D. Pa. filed Mar.

4, 2005);[3] *Asanov v. Hicks*, No. 1:05-CV-2098-CCC (M.D. Pa. filed Oct. 14, 2005);[4]

*Asanov v. Gholson, Hicks, Nichols, P.A.*, No. 1:07-CV-28-MPM-SAA (N.D. Miss. filed

---

[2] This suit followed a civil action brought by Plaintiff's former wife, Marina Hunt, and her husband, Marvin Hayes Hunt, (collectively, "the Hunts") in the United States District Court for the Northern District of Mississippi. *See Hunt v. Asanov*, No. 1:03-CV-654-GHD-JAD (N.D. Miss. filed Dec. 3, 2003). Plaintiff filed suit in the United States District Court for the Middle District of Pennsylvania against the Hunts, their lawyers, and the United States District Judge and United States Magistrate Judge involved in the Northern District of Mississippi case, as well as the FBI, the Internal Revenue Service, the United States Citizenship and Immigration Service, and "unidentified members of organized crime." He alleged the violation of his civil rights by a civil and criminal conspiracy "between high-level judiciary officials in the US District Court for the Northern District of Mississippi, criminally misconducting lawyers, notorious narcotics dealer, and an illegal immigrant" that committed various crimes, including fraud on the courts, tax fraud, grand larceny, narcotics violations, in association with Russian organized crime. Am. Compl., *Asanov v. Davidson*, No. 1:06-CV-611-CCC, ECF No. 10 (M.D. Pa. July 26, 2006).

[3] Plaintiff brought this action against the Hunts claiming, among other things, that the Hunts are "notorious criminals" and "extremely vicious sociopaths" who "traffick[ ] large loads of narcotics," launder their criminally derived proceeds "via criminally misconducting lawyers" and engage in "illegal and fraudulent actions that severely damaged the Plaintiffs, the US national economy and US national security." 5th Am. Compl., *Asanov v. Hunt*, No. 1:05-CV-470-CCC, ECF No. 84, at 4, 11 (M.D. Pa. May 30, 2006). Plaintiff also sought revocation of Marina Hunt's citizenship claiming she had fraudulently obtained United States citizenship. *Id.* at 10–11.

[4] Plaintiff brought this suit against the lawyers who represented the Hunts in the action brought by them against Plaintiff in the United States District Court for the Northern District of Mississippi, claiming they "committed numerous counts of fraud upon a US district court, conspired with their criminal clients and initiated in the US District Court for Northern District of Mississippi an extremely insolent, absolutely unfounded, groundless lawsuit." Compl., *Asanov v. Hicks*, No. 1:05-CV-2098, ECF No. 1 (M.D. Pa. Oct. 14, 2005). In its order dismissing the action, the United States District Court for the Middle District of Pennsylvania noted that Plaintiff had previously raised the claim before the United States District Court for the Northern District of Mississippi. Dismissal Order, *Asanov v. Hicks*, 1:05-CV-2098, ECF No. 45 (M.D. Pa. May 8, 2006).

15

Feb. 12, 2007) (reasserting claims made in suits filed in United States District Court for the Middle District of Pennsylvania); *Asanov v. Hicks*, No. 5:07-CV-199-BR (E.D.N.C. filed May 24, 2007) (described by Plaintiff as "mirror[ing]" *Asanov v. Gholson, Hicks, Nichols, P.A.* civil suit brought by Plaintiff in Northern District of Mississippi); *Asanov v. Plekan*, No. 5:23-CV-310-M-KS (E.D.N.C. filed June 13, 2023) (making allegations virtually identical to those made in the instant action); *Asanov v. Merchan*, No. 5:24-CV-514-FL-KS (E.D.N.C. filed Sept. 6, 2024);[5] *Hunt v. Asanov*, No. 1:03-CV-654-GHD-JAD (N.D. Miss. filed Dec. 3, 2003).

Plaintiff has been warned, reprimanded, and sanctioned for inappropriate "personal attacks on counsel or the opposing parties," and for "inexcusable behavior both in the form of oral and written statements." Order Sanctions & Dismissal, *Hunt v. Asanov*, No. 1:03-CV-654-GHD-JAD, ECF No. 86, at 1–2, 6 (N.D. Miss. June 13, 2005). In *Hunt v. Asanov*, the court found Plaintiff had repeatedly made "unfounded personal attacks directed at [the magistrate judge]" and had sent a letter to his ex-wife's attorney which was "replete with personal attacks if not overt threats directed at the recipient in direct violation of" the court's order. *Id.* at 7. The court found

---

[5] The defendant, Juan Manuel Merchan, is a Justice of the New York Supreme Court. Plaintiff describes him as "a notoriously world-wide known corrupted jurist, who presided over the 2024 criminal mockery trial of the former US President Donald Trump, in which Trump was unlawfully convicted." Compl., *Asanov v. Merchan*, 5:24-CV-514-FL-KS, ECF No. 1, at 4 (E.D.N.C. filed Sept. 6, 2024). He accuses Merchan and others of "committ[ing] RICO, other felony crimes, Stalin-Beria falsifications, tunnel-vision corruption, exploited lawfare for violation of rights for due process," and "disgraceful felony crimes for enriching themselves and their gang members by criminal ways, and to deprive Plaintiffs from their constitutional rights," "including the right of electing The President of the USA." *Id.* at 2.

Plaintiff had "vexatiously fil[ed] a barrage of motions/appeals" and there was "no doubt" he acted in bad faith and "for purposes of harassment and unnecessary delay." *Id.* at 9.

Similarly, the United States District Court for the Middle District of Pennsylvania sanctioned Plaintiff "for asserting unsubstantiated conspiracy allegations" and for attempting to refile a suit against the Hunts even though his first suit had been dismissed for lack of personal jurisdiction." Order, *Asanov v. Hicks*, No. 5:07-CV-199-BR, ECF No. 40, at 3–4 (E.D.N.C. Oct. 9, 2007) (citing Order, *Asanov v. Davidson*, No. 1:06-CV-611-CCC, ECF No. 66 (M.D. Pa. Apr. 17, 2007)).

In 2007, the United States District Court for the Northern District of Mississippi, citing Plaintiff's "vexatious abuse of the legal system," recognized the need to take action to deter further frivolous and vexatious filings by Plaintiff. Order, *Asanov v. Gholson, Hicks, Nichols, P.A.*, No. 1:07-CV-28-MPM-SAA, ECF No. 32 (N.D. Miss. Oct. 18, 2007) ("It is blatantly apparent that without restraint on the plaintiffs' conduct they will continue to use litigation as a weapon to harass all persons encountered in the judicial system."). Consequently, the court issued an injunction prohibiting Plaintiff from filing suit in the Northern District of Mississippi without prior written approval from that court. *Id.* at 3–4.

The reasoning of the United States District Court for the Northern District of Mississippi is persuasive. Plaintiff's filings in this and other courts have been spurious, frivolous, and vexatious. Despite court warnings and judicial rulings, Plaintiff has continued to lodge vitriolic attacks against individuals and has persisted

in filing baseless and unfounded motions, often raising matters previously found to be without merit. He has engaged in a pattern of contumacious conduct that is indicative of bad faith and an improper purpose, such as harassment. His incoherent, duplicative, and meritless filings have resulted in a waste of this and other courts' judicial resources and required the defendants to expend needless time and expense in dealing with his filings.

Plaintiff was provided notice that a prefiling injunction has been sought against him upon the filing of Defendants' motions in March and April of 2024, and he has had ample opportunity to oppose the motions. Plaintiff has not demonstrated a good faith basis for his filings, nor has he advanced any other reason to suggest that a prefiling injunction is unwarranted or unnecessary. (*See* Objs. & Protests against Fraudulent Mots. Dismiss, against Disgraceful "Gatekeeper" and Victim-Intimidation Sanctions (calling motions "disgraceful," "fraudulent," and "victim intimidation" and repeating outlandish claims of criminal conduct by Defendants).)

Having weighed all the relevant circumstances, the undersigned finds that a prefiling injunction is warranted. Given Plaintiff's history, it does not appear that less drastic measures would dissuade Plaintiff's vexatious abuse of the legal system. Accordingly, it is recommended that the court enter an order prohibiting Plaintiff from filing any future claims in this court unless:

(1) the complaint is accompanied by an affidavit, signed under Rule 11 of the Federal Rules of Civil Procedure, of an attorney licensed to practice law by, and in good standing with, the bar of any U.S. state

or territory attesting that the claims are presented in good faith, for a proper purpose, and are not frivolous; or

> (2) Plaintiff is granted leave of court to file the complaint following his submission of a motion for leave to file. The motion for leave to file must be accompanied by (a) a copy of the prefiling injunction order, (b) a copy of the proposed complaint, and (c) a notarized affidavit or declaration attesting that the matters raised in the complaint have not previously been decided or raised in any action in which Plaintiff has been a party and are brought in good faith and not for the purpose of harassment.

Such an injunction is narrowly tailored to the circumstances. *See Cromer*, 390 F.3d at 818 (requiring prefiling injunction to be "narrowly tailored to fit the specific circumstances at issue."). It does not prohibit Plaintiff from filing civil actions but seeks to ensure that any claims he files are made in good faith and not for any improper purpose. Moreover, it would apply only to future actions filed with this court. It would not restrict Plaintiff's access to any other court, nor would it prohibit him from litigating any pending cases or any appeal from this or any other case previously filed in this district.

### E.    Plaintiff's Motions

Plaintiff has filed myriad motions seeking, among other things, leave to amend his complaint to add a North Carolina judge as a defendant to the action, for

appointment of a panel of independent judges,[6] for an interpreter and investigative assistance, for default judgment as to certain defendants, to arrest Defendants and their assets, and to compel mental health examinations of Defendants. As set forth above, Plaintiff's claims lack any basis in law or fact. Allowing amendment would serve no purpose other than to invite further vituperation. Accordingly, it is recommended that Plaintiff's motion for leave to amend his complaint [DE #54] be denied as futile, *see Blackstock v. Maynor*, No. 7:07-CV-95-F(3), 2007 WL 9718806, at *1 (E.D.N.C. Aug. 16, 2007) (proposed amendment may be denied as futile where "'it advances a claim or defense that is legally insufficient on its face.'" (quoting *Joyner v. Abbot Labs.*, 674 F. Supp. 185, 190 (E.D.N.C. 1987))), and that Plaintiff's other pending motions be dismissed as moot.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED as follows:

1.      That Defendants' motions to dismiss [DE ##12, 16, 27, 37, 44] be GRANTED and Plaintiff's complaint, as amended, be DISMISSED in its entirety.

2.      That the Motions for Sanctions and Pre-Filing Injunction [DE ##18, 36, 38] be GRANTED, and the court enter an order prohibiting Plaintiff from filing any future claims in this court unless:

---

[6] The basis for Plaintiff's request for appointment of a panel of independent judges appears to be his unfounded accusations that the undersigned magistrate judge and this court's Chief United States District Judge have a conflict of interest that necessitates recusal. (Emerg. Pets. [DE #66] at 1, 7.) On December 2, 2024, Chief Judge Myers entered an order denying Plaintiff's motions for recusal as "farcical and frivolous." (Order Denying Recusal Mot. [DE #75].) For the reasons set forth in that order, any pending motion for recusal should be denied.

(1) the complaint is accompanied by an affidavit, signed under Rule 11 of the Federal Rules of Civil Procedure, of an attorney licensed to practice law by, and in good standing with, the bar of any U.S. state or territory attesting that the claims are presented in good faith, for a proper purpose, and are not frivolous; or

(2) Plaintiff is granted leave of court to file the complaint following his submission of a motion for leave to file. The motion for leave to file must be accompanied by (a) a copy of the prefiling injunction order, (b) a copy of the proposed complaint, and (c) a notarized affidavit or declaration attesting that the matters raised in the complaint have not previously been decided or raised in any action in which Plaintiff has been a party and are brought in good faith and not for the purpose of harassment.

3.      That Plaintiff's Motion for Leave to File Amended Complaint [DE #54] be DENIED.

4.      That all other pending motions [DE ##32, 33, 40, 49, 60, 66, 70, 72, 77] be DISMISSED as moot.

The Clerk is DIRECTED to serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until **January 29, 2025**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 14th day of January 2025.

KIMBERLY A. SWANK
United States Magistrate Judge