IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00082-M-KS

| | |
|---|---|
| ALEXANDER N. ASANOV, individually, and on behalf of The People of the USA, on behalf of his children, Daniel A. Asanov, Nicolas A. Asanov, minor AVK, TVP, DVP, on behalf of thousands of similarly situated children and parents - victims of the Kids-For-Cash-NC crimes, on behalf of future generations of American children and parents,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA/FEDERAL BUREAU OF INVESTIGATION et al.,<br><br>Defendants. | ORDER |

This matter comes before the court on a memorandum and recommendation (the "Recommendation") filed in this matter by Magistrate Judge Kimberly A. Swank on January 15, 2025 [DE 78]. In the Recommendation, Judge Swank recommends that the court (1) grant five motions to dismiss filed by various groups of Defendants, (2) grant two motions for a pre-filing injunction filed by Defendants Tanya A. Plekan, Olga S. Asanov, and Olena M. Kravets, and (3) dismiss all remaining pending motions as moot. DE 78 at 4. The Recommendation was served on the parties, and Plaintiff timely objected to it. DE 79.

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate

1

judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Without specific objection, de novo review is unnecessary, and a district court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)).

The court has considered Plaintiff's objection and finds that it contains no substance that would entitle him to de novo review of the Recommendation. *See* DE 79 at 1 (asserting that Recommendation is "pro-criminal, anti-American fraudulent, [and] deceitful" as well as "cooked under the conflict of financial interests"), 3 (labeling the Recommendation "a text-book example of [] cancer tumor corruption"), 4 (alleging that Recommendation is the product of "prior arrangements between Magistrate judge Swank and [the undersigned]"), 7 (accusing Judge Swank of "ben[ding] the most fundamental rules of this court in favor of criminals"), 7 (requesting that "President Trump, U.S. Attorney General Pamela Bondi, FBI Director Kash Patel, Border Czar Thomas Homan . . investigate criminal misconduct of Magistrate Judge Swank"), 8 (suggesting that this court will turn a "Blind Eye and focuses his Tunnel-vison out of the EXISTENTIAL anti-American crimes") (all-caps typeset in original). The court has therefore reviewed the Recommendation for clear error, and finds none.

If anything, Plaintiff's strange and spurious objection serves to confirm the well-founded bases of the Recommendation: that Plaintiff's legal claims are "absolutely devoid of merit," DE 78 at 9 (citing *Asanov v. Plekan*, No. 5:23-CV-00310, 2024 WL 987570, at *5 (E.D.N.C. Mar. 7, 2024) (dismissing Plaintiff's prior lawsuit in this district, which pressed an identical fiction)), and that "Plaintiff's litigation history is replete with bizarre, irrational, and farcical accusations of

2

criminal conspiracies, corruption, and mental illness directed at his ex-wives, their lawyers, and judicial officials," *id.* at 12. In sum, having reviewed the Recommendation, as well as Plaintiff's objection, the court adopts the findings of the Recommendation in full.[1]

The Recommendation [DE 78] is therefore ADOPTED, Defendants' motions to dismiss [DE 12, DE 16, DE 27, DE 37, DE 44] are GRANTED, Plaintiff's Amended Complaint is DISMISSED, and Defendants' motions for sanctions and a pre-filing injunction [DE 18, DE 36, DE 38] are GRANTED, in that Plaintiff is PROHIBITED from filing any future claims[2] in the United States District Court of the Eastern District of North Carolina, unless:

1. The complaint is accompanied by an affidavit, signed under Rule 11 of the Federal Rules of Civil Procedure of an attorney licensed to practice law by, and in good standing with, the bar of any U.S. state or territory attesting that the claims are presented in good faith, for a proper purpose, and are not frivolous; or

2. Plaintiff is granted leave of court to file the complaint following his submission of a motion for leave to file. The motion for leave to file must be accompanied by (a) a copy of the prefiling injunction order, (b) a copy of the proposed complaint, and (c) a notarized affidavit or declaration attesting that the matters raised in the complaint have not previously been decided or raised in any action in which Plaintiff has been a party and are brought in good faith and not for the purpose of harassment.

---

[1] The court specifically notes that, in filing an objection to the Recommendation, Plaintiff has been afforded notice and an opportunity to be heard with respect to the prefiling injunction. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004). In response, Plaintiff only contends that such an injunction would "violate[] the most fundamental right for freedom of speech." DE 79 at 7. But that is wrong; "[u]ndoubtedly, the All Writs Act . . . grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer*, 390 F.3d at 817. Judge Swank has comprehensively demonstrated that a prefiling injunction is warranted. DE 78 at 12-19.

[2] Nothing in this order should be construed to preclude Plaintiff's ability to appeal this order to the Fourth Circuit.

3

Further, Plaintiff's motion for leave to file a second amended complaint [DE 54] is DENIED, and all other pending motions [DE 32, DE 33, DE 40, DE 49, DE 60, DE 66, DE 70, DE 72, DE 77, DE 80, DE 81] are DISMISSED AS MOOT.

SO ORDERED this 12th day of February, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4